IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOSE L. GARCIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO._____ |
| | § | |
| WHEELABRATOR GROUP, INC. | § | |
| f/k/a and d//b/a THE WHEELABRATOR | § | |
| CORPORATION, | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW JOSE L. GARCIA, hereinafter referred to as the Plaintiff, complaining of WHEELABRATOR GROUP, INC. f/k/a and d/b/a THE WHEELABRATOR CORPORATION (hereafter "Wheelabrator" or "Defendant"), and for his cause of action would show this Court as follows:

### PARTIES

1. Plaintiff, Jose L. Garcia is a citizen of the State of Texas residing in Dallas County, Texas.

2. Defendant is a citizen of the states of Delaware and Colorado, because it is a corporation organized under the laws of the state of Delaware with its principal place of business in Colorado. Defendant can be served with process by serving its registered agent, CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

*Plaintiff's Original Complaint*
*Page 1 of 8*

## JURISDICTION

3. The Court has subject matter jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a)(1) because the Plaintiff and the Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because Defendant does and has done business in Texas by committing a tort in whole or in part in this State (including but not limited to the torts alleged to have been committed by each below in this Petition), and by other acts that constitute doing business in Texas. Plaintiff's cause of action arises out of the business done by Defendant in Texas and its contacts with Texas. In addition, Defendant has engaged in continuous and systematic contacts with the State of Texas so as to warrant the exercise of personal jurisdiction over it by courts in Texas. Defendant's acts constituting doing business in Texas and its contacts with Texas are sufficient to support both specific and general personal jurisdiction over it by this court.

## VENUE

5. Venue is proper in this District under 28 U.S.C. § 1391 because all defendants (i.e., the sole defendant, Wheelabrator) reside in the same State, and because Defendant resides in this district under 28 U.S.C. § 1391(c).

## CONDITIONS PRECEDENT

6. All conditions precedent to Defendant's liability have occurred or been performed.

## FACTS

7. Plaintiff has been an employee of Industrial Flooring Services, Inc. ("Employer") since approximately 1996. On or about November 20, 2007, Plaintiff was working with co-workers in Austin, Texas. Two of Plaintiff's co-workers were operating a machine ("the machine") designed and manufactured by Defendant that Employer had purchased from the Defendant in Texas. While the co-workers were operating the machine, the Plaintiff was busy cleaning the work site. Plaintiff passed by the machine, felt a strong pressure that sucked his right hand into an uncovered, eight-inch hole in the machine. Once Plaintiff's hand was sucked into the machine, a fan blade struck his right hand causing a traumatic and violent removal of Plaintiff's fingers and disfigurement to his right hand. As a result, Plaintiff suffered severe physical injury requiring multiple surgeries that continues to cause him severe physical and psychological injury.

8. The machine in question was placed in the stream of commerce by Defendant. Plaintiff's injury was caused by defects in Defendant's product as hereinafter set forth. The machine's defects were a proximate and/or producing cause of Plaintiff's injuries and

damages. At all times pertinent herein, Plaintiff Jose L. Garcia was working in a reasonable and ordinary manner.

## CAUSE OF ACTION - STRICT LIABILITY – PRODUCTS LIABILITY – RESTATEMENT (SECOND) OF TORTS §402(A)

9. Plaintiff incorporates by reference the foregoing paragraphs to the extent consistent with this section.

10. Wheelabrator is the manufacturer of a product (Blastrac Portable Shot Blast Cleaning System, machine #140476) which is unreasonably and dangerously defective in its design, its manufacture, and as marketed.

11. The defective nature of the product was a proximate and producing cause of the damages to the Plaintiff, thus rendering Wheelabrator strictly liable. The machine in question was in substantially the same condition on November 20, 2007, as when it was originally placed into the stream of commerce by Wheelabrator.

12. The defective nature of the product was a proximate and producing cause of the damages to the Plaintiff, thus rendering Defendant strictly liable.

13. It was entirely foreseeable to and well known by Wheelabrator that accidents and incidents involving its machine, such as occurred herein, would on occasion take place during the normal and ordinary use of said machine.

14. Wheelabrator designed, manufactured, marketed, assembled, and tested said machine in question to be unreasonably dangerous and

defective within the meaning of Section 402 (A) Restatement (Second) Torts in that the machine was unreasonably dangerous as designed, manufactured, assembled, marketed, and tested for the following reasons:

(a) the machine did not have a cover over the hole into which Plaintiff's hand was drawn;

(b) the machine could be operated without a cover over the hole into which Plaintiff's hand was drawn

(c) the machine did not have an automatic shut-off mechanism which would have prevented or reduced Plaintiff's injury;

(d) the machine failed to provide adequate safety.

15. The defective nature of the machine as set forth herein, rendered it unreasonably dangerous and was a proximate and producing cause of the injury to Plaintiff and the Plaintiff's resulting damages.

16. Wheelabrator made representations of material facts concerning the character and quality of the line of product sold by them generally as the Blastrac, and of the model of machine referred to in this Petition in particular, of such a nature as to render Wheelabrator strictly liable for the injuries and damages suffered by the Plaintiff.

17. All of this conduct, under the circumstances of this case, was known by Wheelabrator prior to the design and sale of the machine in question and proximately caused the injury and damage to

Plaintiff, thus rendering Wheelabrator liable to Plaintiff under common law and the doctrine expressed in *Restatement (Second) of Torts*, §402A and 402B.

18. Moreover, a safer alternative design existed at the time the product was manufactured and left the possession of Wheelabrator. The safer alternative design would have prevented or significantly reduced the risk of the Plaintiff's injuries or the Plaintiff's damages, without substantially impairing the product's utility. Further the safer alternative design was economical and technologically feasible at the time the product left the control of the Defendant by application of existing or reasonably achievable scientific knowledge.

19. Plaintiff alleges there is no applicable federal mandatory safety standard or regulation aimed at providing safety during the operation of the machine in question. To the extent that Defendant claims there is an applicable safety standard or regulation, any such standard or regulation was inadequate to protect the public from unreasonable risk of injury or damage. Furthermore, Plaintiff contends that compliance with any alleged safety standard or regulation does not exempt a person from liability at common law, as is provided in 49 U.S.C. § 30103(e).

### CAUSE OF ACTION - NEGLIGENCE

20. Plaintiff incorporates by reference the foregoing paragraphs to

the extent consistent with this section.

21. The above-described acts and omissions of Wheelabrator were negligent and were the proximate and producing cause of Plaintiff's injuries and damages. Plaintiff seeks all such damages from Wheelabrator.

## DAMAGES

22. As a result of the incident made the basis of this lawsuit and Defendant's acts and omissions, Plaintiff has suffered, and will continue to suffer the following damages:

   (a) physical pain and suffering;

   (b) mental anguish and emotional suffering;

   (c) physical impairment;

   (d) lost wages and loss of earning capacity;

   (e) disfigurement.

23. The damages suffered by Plaintiff are within the jurisdictional limits of this Court. Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of Court, and all other relief, both in law and in equity, to which he may be entitled.

## PREJUDGMENT INTEREST

24. Plaintiff pleads for prejudgment interest as allowed by Texas law. Plaintiff specifically pleads prejudgment interest as an element of damages that Defendant should be legally obligated

to pay as a result of the bodily injuries and damages incurred by Plaintiff.

## REQUEST FOR JURY TRIAL

25. Plaintiff contemporaneous with the filing herewith have paid a jury fee and makes demand that the case be brought before the jury for trial on all matters.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, that upon final trial and hearing hereof that Plaintiff recover from Defendant damages in accordance with the evidence, pre-judgment and post-judgment interest, costs of Court herein expanded, and such other and further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**THE SCHILLER FIRM**

By: /s/ David Schiller
David A. Schiller, Texas Bar No. 00794601
John D. Exline, Texas Bar No. 06758100
Elisse Woelfel, Texas Bar No. 24058183
Andrew J. McCaffrey, Texas Bar No. 24057987
2309 W. Parker Road
Plano, TX 75023
Tel: (469) 467-9200
Fax: (469)-467-9600

ATTORNEYS FOR PLAINTIFFS